**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**35 N. Fourth Street, Ltd.,**

    **Plaintiff,**                       **Case No. 2:22-cv-2684**

    **v.**                                 **Judge Michael H. Watson**

**United States of America,**       **Magistrate Judge Jolson**

    **Defendant.**

## OPINION AND ORDER

The Court previously ordered the parties to show cause why this case should not be stayed. ECF No. 45. The parties have responded. ECF Nos. 46 & 47. The United States of America ("Defendant") does not object to a stay; 35 N. Fourth Street, Ltd. ("Plaintiff") opposes a stay. ECF Nos. 46 & 47. For the following reasons, the case is **STAYED**.

**I.**

In September 2021, the Internal Revenue Service ("IRS") assessed a $10,000.00 penalty against Plaintiff under 26 U.S.C. § 6707A. Amend. Compl. ¶ 11, ECF No. 38. According to Plaintiff, the IRS assessed this penalty because of its interpretation of Notice 2017-10 (the "Notice"), which addresses conservation easement as charitable deductions. *Id.* ¶¶ 17–28, 40. Plaintiff argues that the Notice is, in fact, a legislative rule and, because the Notice was issued without notice and comment, the Notice violates the Administrative

Procedure Act. *Id.* ¶¶ 48–65. Plaintiff seeks an order "vacating" the Notice "on a nationwide basis or, at a minimum, as to Plaintiff" and its partners. *Id.* ¶ 86.

The IRS has proposed a rule (the "Rule") that contains substantially the same guidance as the Notice. *See* 87 FR 75185. If the Rule becomes final, it will supersede the Notice. Final action on the Rule is scheduled for December 2023. *See* RIN: 1545-BQ39, Spring 2023.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When considering whether to grant a stay, courts often evaluate the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Kirby Dev., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018) (citing cases).

All factors favor a stay here. Working backwards, a stay will simplify the issues and reduce the burden of litigation. If the Rule becomes final, that will

moot many of the remaining issues here. Thus, waiting for finalization of the Rule may significantly reduce the litigation here and simplify (or perhaps even eliminate) the issues. *See Dealer VSC, Ltd. v. Tricor Auto. Grp.-US-Inc.*, No. 2:21-CV-3880, 2022 WL 1951556, at *4 (S.D. Ohio June 6, 2022) (finding that the need for a stay was "great" because a similar case would resolve "[t]hreshold factual issues" (citations omitted)).

Next, consider the need for a stay. If the Court were to proceed with the case before the Rule is finalized, the Court (and the parties) could expend significant resources on issues that would be mooted if the Rule goes into effect. And, as described above, the finalization of the Rule could dispose of many of the major issues in the case. Thus, the "need for a stay" factor favors a stay. *Cf. Valvoline Inc. v. Superash Remainderman Ltd. P'ship*, No. 2:23-CV-427, 2023 WL 5277870, at *2 (S.D. Ohio July 11, 2023) (concluding the "need for a stay" factor weighed in favor of a stay because a related state-court proceeding "could dispose of many of the major issues in the case").

Next, the stage of the litigation also favors a stay. This case is in its early stages: although the case has been pending for more than a year, it is still in the pleadings stage. *See generally*, docket. Thus, the stage of the litigation favors a stay. *Cf. TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 3060249, at *3 (S.D. Ohio Apr. 21, 2023) (concluding this factor weighed "heavily against a stay" where the case was four years old).

Finally, no party would be unduly prejudiced or tactically disadvantaged by a stay. True, a "party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council*, 565 F.2d at 396. However, finalization of the Rule may be so dispositive that a stay could ultimately lead to a more efficient resolution of this case. Further, the Rule is scheduled to be finalized in a few months. *See* RIN: 1545-BQ39, Spring 2023. Thus, the stay will likely be relatively brief and would not cause undue hardship to any party.

Plaintiff offers two arguments against this conclusion. Resp., ECF No. 47. First, Plaintiff argues that it is unlikely the Rule will be finalized in December as scheduled. *Id*. This concern is easily resolved: if the December deadline comes and goes without the Rule being finalized, Plaintiff may move to lift the stay.

Second, Plaintiff argues that, until the Rule is finalized, Plaintiff is still in the "untenable position" of having to decide whether it needs to comply with the reporting requirements of the Notice. *Id*. This argument falls flat. As explained above, the Notice relates to conservation easements as charitable deductions. However, Plaintiff does not allege that it intends to make those kinds of charitable deductions in the future, or that it has made any of those deductions since the easement underlying this case. *See generally*, Amend. Compl., ECF No. 38. If Plaintiff has no intention of making those sorts of charitable deductions, it is not subject to any reporting requirements for the same. Moreover, the IRS has taken the official position that it will not enforce the Notice in the Sixth Circuit. *See* IRS

Announcement 2022-28, 2022-52 I.R.B. 659, 2022 WL 17491928 (Dec. 27, 2022). Thus, Plaintiff's argument is unavailing.

### III.

For these reasons, the case is **STAYED** pending finalization of the Rule. The parties are **ORDERED** to file a joint report explaining the status of the Rule, **BY DECEMBER 15, 2023**, and **EVERY SIXTY DAYS THEREAFTER**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**