UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

35 N. Fourth Street, Ltd.,

    Plaintiff,

v.

United States Of America,

    Defendant.

Case No. 2:22-cv-2684

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

35 N. Fourth Street, Ltd.'s ("Plaintiff") moves to lift the stay. ECF No. 51. The United States of America ("Defendant") moves to dismiss the Amended Complaint for lack of subject-matter jurisdiction. ECF No. 39. For the following reasons, both motions are **GRANTED**.

### I.    MOTION TO LIFT STAY

The Court stayed the case pending a final determination on a relevant Internal Revenue Service ("I.R.S.") rule (the "Rule"), which was expected to happen in December 2023. ECF No. 48. December 2023 came and went, and the Rule was not finalized. ECF No. 50. Plaintiff argues that, because the Rule was not finalized, the Court should lift the stay. ECF No. 51.

Contemporaneously to Plaintiff's motion, Defendant brought a recent Sixth Circuit decision to the Court's attention. ECF No. 49. As explained below, that decision's reasoning demands that the Court dismiss Plaintiff's remaining claim as moot. Because there is now clear and dispositive Sixth Circuit caselaw

controlling this case, continuing the stay would only prolong the inevitable. The stay is, therefore, **LIFTED**.

## II. FACTS

In September 2021, the I.R.S. assessed a $10,000.00 penalty against Plaintiff under 26 U.S.C. § 6707A. Am. Compl. ¶ 11, ECF No. 38. According to Plaintiff, the I.R.S. assessed this penalty because of its interpretation of Notice 2017-10, which explains the requirements for a conservation easement to be a charitable deduction. *Id.* ¶¶ 17–28, 40. In Plaintiff's view, Notice 2017-10 violates the Administrative Procedure Act's ("APA") notice-and-comment rule. *Id.* ¶¶ 48–65. Plaintiff alleges that it has and will continue to suffer harm as a result of the I.R.S.'s enforcement of Notice 2017-10. *Id.* ¶ 47.

Based on these allegations, Plaintiff asserted two claims: a claim seeking a refund of the $10,000 ("Claim One") and a claim seeking an order "vacating Notice 2017-10 on a nationwide basis," which the Court construes as a request for injunctive relief ("Claim Two"). *Id.* ¶¶ 75–86, ECF No. 38. The Court has already dismissed Claim One. ECF No. 45.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States*

*v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "is a challenge to the sufficiency of the pleading itself," and the trial court therefore takes the allegations of the complaint as true. *Id.* To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quotation marks and citations omitted). A factual attack is a challenge to "the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. In review such an attack, no "presumptive truthfulness applies to the factual allegations." *Id.* (citation omitted). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quotation marks and citation omitted).

## IV. ANALYSIS

Defendant moves to dismiss Claim Two as moot.[1]

The mootness doctrine, "requires that there be a live case or controversy at the time that a federal court decides the case[.]" *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (citations omitted). The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."

---

[1] As Defendant points out, Plaintiff may also lack standing to pursue Claim Two. Because the Court dismisses on mootness grounds (rather than on any merit-based grounds), it does not also address standing.

*Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quotation marks and citation omitted).

Sometimes, a defendant argues that a case is moot because of some action the defendant has taken (or has stopped taking), also known as "voluntary cessation." Generally, a "defendant's voluntary cessation of a challenged practice" does not moot a case. *Ohio v. United States Env't Prot. Agency*, 969 F.3d 306, 308 (6th Cir. 2020) (quotation marks and citation omitted). But a defendant's voluntary cessation of conduct can moot a case if the defendant shows: (1) "there is no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Thomas v. City of Memphis, Tenn.*, 996 F.3d 318, 324 (6th Cir. 2021) (quotation marks and citation omitted). Further, the "burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct because the government's ability to self-correct provides a secure foundation for a dismissal based on mootness so long as the change appears genuine." *Id.* (cleaned up).

Here, Defendant (which is the United States of America) argues that Claim Two is moot because it has already agreed to not enforce Notice 2017-10 in the Sixth Circuit. In Announcement 2022-28, the I.R.S. represents that it "has ceased enforcing disclosure and list maintenance requirements with respect to Notice 2017-10 in the Sixth Circuit." *See* Announcement 2022-28, 2022-52

I.R.B. 659 (2022). The Court agrees that Announcement 2022-28 moots Claim Two.

The Sixth Circuit recently addressed a virtually identical set of facts in *Mann Construction, Inc. v. United States*, 86 F.4th 1159 (6th Cir. 2023). In *Mann*, the plaintiffs challenged I.R.S. Notice 2007-83, arguing that it violated the APA. *Id*. at 1163. While the case was pending, the I.R.S. said that it would no longer enforce Notice 2007-83 in the Sixth Circuit via Announcement 2022-28 (the same announcement in which the I.R.S. said it was no longer enforcing Notice 2017-10 in the Sixth Circuit). *Id*. In light of that formal announcement, the Sixth Circuit concluded that the plaintiffs' claims were moot. *Id*. at 1163–64.

*Mann*'s reasoning applies with equal force here. As in *Mann*, the I.R.S. has issued Announcement 2022-28, in which it has agreed to not enforce Notice 2017-10 within the Sixth Circuit. *See* Announcement 2022-28, 2022-52 I.R.B. 659 (2022). Thus, Plaintiff's claim is moot for all the reasons explained in *Mann*.

Plaintiff disagrees. First, Plaintiff argues that *Mann* is distinguishable because, in *Mann*, the plaintiffs dismissed any claim for injunctive or declaratory relief. Mot. 5, ECF No. 51. Thus, according to Plaintiff, because Plaintiff is seeking injunctive relief, *Mann* is inapposite. *Id*.

Plaintiff is correct that the plaintiffs in *Mann* dismissed their claims for injunctive relief. *Mann*, 86 F.4th at 1162. However, the *Mann* Court explained that its holding applied "even if [the plaintiffs] did not waive any injunctive and declaratory relief below[.]" *Id*. at 1163. Thus, this argument fails to persuade.

Next, Plaintiff argues that the I.R.S. has continued to enforced Notice 2017-10 against taxpayers in the Sixth Circuit. Plaintiff argues that the I.R.S. is incorrectly determining what counts as "in the Sixth Circuit" based on "where the partnership's property is located" instead of "where the principal place of business of the partnership is." Mot. 7, ECF No. 51. Even assuming that Plaintiff has correctly framed the I.R.S.'s position, this argument fails. Whether the metric is "where the partnership's business is located" or "where the principal place of business" is, Plaintiff is in the Sixth Circuit because both the at-issue property[2] and Plaintiff's principal place of business is in Ohio. Am. Compl. ¶ 5, 33, ECF No. 38. Accordingly, this argument is unavailing.

Plaintiff also argues that the I.R.S. tried to enforce Notice 2017-10 against Plaintiff in a Tax Court proceeding related to the conservation easement underlying this case. In a filing in the Tax Court, the I.R.S. said that an issue for trial is whether Plaintiff is liable for a penalty based on Notice 2017-10. *See* Tax Court filing ¶ 8, ECF No. 51-1. However, as soon as Plaintiff told Defense counsel in this case about the I.R.S.'s statement, defense counsel promptly spoke with the Government's counsel in the Tax Court case and, soon after, the I.R.S. filed a notice in the Tax Court case stating that it was *not* seeking a penalty based on Notice 2017-10.

---

[2] If Plaintiff has any other property that might be affected by Notice 2017-10, the Amended Complaint makes no mention of it. *See generally*, Am. Compl., ECF No. 38.

In Plaintiff's view, these events show that the I.R.S. plans to enforce Notice 2017-10 against Sixth-Circuit taxpayers. The Court disagrees. The fact that, once the issue was brought to its attention, the Government promptly withdrew any attempt to impose a penalty under Notice 2017-10 shows that the Government will follow through on its promise to not enforce Notice 2017-10 in this Circuit. Thus, the Government's actions in the Tax Court strengthen Defendant's arguments, not Plaintiff's.

In sum, Claim Two is moot.

## V. CONCLUSION

For these reasons, Defendant's motion is **GRANTED**. Claim Two is **DISMISSED WITHOUT PREJUDICE** as moot.

The Clerk shall close the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT